**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRANCE DUNN,** | ) | |
| **ID # 2077990,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:19-CV-315-B-BH** |
| | ) | |
| **DIRECTOR, Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the second *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 25, 2019 (doc. 10).  Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice.

## I.     BACKGROUND

Terrance Dunn (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his July 7, 2016 conviction and sentence in the 265th Judicial District Court of Dallas County, Texas, under 28 U.S.C. § 2254.  (*See* doc. 3 at 1; doc. 5 at 2; doc. 10 at 2.)[2]  The respondent is the Director of TDCJ-CID (Respondent).  (*See* doc. 5 at 1; doc. 10 at 1.)

**A.     State Court Proceedings**

On August 6, 2014, Petitioner was charged by indictment with aggravated assault against a public servant in Case No. F-14-17929-R in Dallas County, Texas.  (*See* doc. 29-25 at 1,3.)  He

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

entered an open plea of guilty and a judicial confession and was sentenced to 45 years' imprisonment in the TDCJ-CID. (*See id.* at 5-11.) The judgment was affirmed on appeal. (*See id.* at 13); *see also Dunn v. State*, No. 05–16–00861–CR, 2017 WL 993087 (Tex. App.—Dallas Mar. 15, 2017, pet. ref'd). On September 13, 2017, the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR). *See Dunn v. State*, PD-0333-17 (Tex. Crim. App. Sept. 13, 2017). Petitioner's state habeas application, which was signed on December 7, 2018, and received by the state court on December 26, 2018, was denied without written order on the findings of the trial court without a hearing on February 20, 2019. (*See* doc. 29-24; doc. 29-25 at 14-30); *see also Ex parte Dunn*, WR-89,507-01 (Tex. Crim. App. Feb. 20, 2019).

**B.    Substantive Claims**

Petitioner initiated this case through a letter about his state sentence and conviction that was received on February 7, 2019. (*See* doc. 3.) On February 11, 2019, he was ordered to complete and return a § 2254 petition on the standard form within 30 days. (*See* doc. 4.) He filed an amended § 2254 petition on April 9, 2019, and a second amended § 2254 petition on June 25, 2019. (*See* docs. 5, 10.)

The second amended petition asserts four grounds of ineffective assistance of counsel:

(1) [Trial counsel] falsely informed me that deffering [sic] my case to open plea would grant me opportunity to be placed on probation. Had he also let me know I wasnt [sic] elgible [sic] for probation I would have went to jury trial which I wanted to;

(2) [Trial counsel] was ineffective for failure to argue the validity of testimony given to officers under the influence of pain medication which such testimony should not been [sic] allowed because officers were told due to medication I may fall in and out of concoiusness [sic];

(3) [Trial counsel] was ineffective for failing to object to altered videos being used as evidence when the altered parts show the the [sic] officers were at fault also the audio cam which you can hear me telling officer I was feeling suicidal;

(4) [Trial counsel] failed to request a competency hearing to explore to depression and suicidal tendency.  As well failed to have released personal medical records to be used in my defense.

(doc. 10 at 6-7.)  Respondent filed a response on February 13, 2020, and Petitioner filed a reply on March 9, 2020.  (*See* docs. 27, 30.)

## II.    APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.  Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

3

differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003).  The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04).  A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits.  *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an

4

adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact.  *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

## III.    INEFFECTIVE ASSISTANCE OF COUNSEL

In each of his grounds for relief, Petitioner claims that he received ineffective assistance of counsel. (*See* doc. 10 at 6-7; doc. 30 at 4.)[3]

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was

---

[3] Respondent contends that the claims raised in Petitioner's amended § 2254 petitions are barred by the applicable one-year statute of limitations.  (*See* doc. 27 at 8-15.)  Because the limitations issue is not jurisdictional, courts may bypass it and proceed to the merits of a § 2254 action.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at \*9 (N.D. Tex. May 29, 2008) (accepting recommendation of Mag. J.).  Rather than determine whether Petitioner's claims in his amended § 2254 petitions relate back to his initial filing, the Court will proceed to the merits.

constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.      Opportunity for Probation

In his first ground, Petitioner contends that trial counsel was ineffective because he "falsely informed [Petitioner] that deffering [sic] my case to open plea would grant me opportunity to be placed on probation." (doc. 10 at 6.) He alleges that if counsel had "let me know I wasnt [sic] elgible [sic] for probation I would have went to jury trial which I wanted to." (*Id.*) Petitioner raised this claim in his state habeas application. (*See* doc. 29-25 at 19.) The trial court found that Petitioner "was eligible for regular or deferred probation in this case." (doc. 29-26 at 29.) It noted that although "regular probation is not an option when a deadly weapon finding is made, the trial court had discretion whether to enter such finding," and it found that "[c]ounsel was correct in

6

advising [Petitioner] that a probationary sentence was an option for the trial court." (*Id.*)  It concluded that Petitioner "did not prove that counsel's representation fell below an objective standard of reasonableness.  Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed." (*Id.* at 30.)  The Texas Court of Criminal Appeals denied the claim when it denied Petitioner's state habeas application.  (*See* doc. 29-24); *Ex parte Dunn*, WR-89,507-01 (Tex. Crim. App. Feb. 20, 2019).

In Texas, a defendant is not eligible for probation if a deadly weapon finding is made.  *See, e.g.*, *Guthrie-Nail v. State*, 506 S.W.3d 1, 5 (Tex. Crim. App. 2015); *see also* Tex. Code Crim. Proc. Art. 42A.053, 42A.054(b).  The trial court, however, "has the discretion to decline to make a deadly-weapon finding even after finding the defendant guilty of an offense in which use of a deadly weapon was a charged or necessary element." *Guthrie-Nail*, 506 S.W.3d at 6.  Because the trial court could have declined to make a deadly weapon finding in Petitioner's case, which would have made him eligible for a sentence of probation, counsel did not falsely inform him that an open plea "would grant [Petitioner] opportunity to be placed on probation." (doc. 10 at 6.) Petitioner has failed to show both that counsel's performance was deficient and resulting prejudice under *Strickland*.  His claim is therefore meritless.

Petitioner has not shown that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Nor has he satisfied the doubly deferential standard to obtain relief.  Accordingly, his claim should be denied.

B.    **Failure to Challenge Validity of Testimony**

In his second ground, Petitioner contends that counsel was ineffective for failing "to argue

the validity of testimony given to officers under the influence of pain medication which such testimony should not been [sic] allowed because officers were told due to medication I may fall in and out of concoiusness [sic]."  (doc. 10 at 6.)  Petitioner raised this claim in his state habeas application.  (*See* doc. 29-25 at 21.)  Citing to record evidence filed by Respondent in the habeas proceedings, the trial court found that counsel objected to the admission of Petitioner's statement to law enforcement at his open plea hearing on the grounds that he was not in a proper state of mind when the statement was made, and the objection was overruled.  (*See* doc. 29-26 at 23-25, 29.)  The trial court further noted that written findings on the admissibility of Petitioner's statement to law enforcement were entered by the trial court.  (*See id.* at 26-27, 29.)  The Texas Court of Criminal Appeals subsequently denied the claim when it denied the state habeas application.  (*See* doc. 29-24); *Ex parte Dunn*, WR-89,507-01 (Tex. Crim. App. Feb. 20, 2019).

Because the record shows that counsel objected to the admission of Petitioner's statement to law enforcement based on Petitioner's state of mind at the time, his claim is meritless.  Accordingly, he has failed to show that the state court's rejection of his claim was unreasonable.  He is not entitled to § 2254 relief, and his claim on this ground should be denied.

## C.   <u>Failure to Object to Video Evidence</u>

In his third ground, Petitioner contends that counsel was ineffective for "failing to object to altered videos being used as evidence."  (doc. 10 at 7.)  He claims that "the altered parts show the the [sic] officers were at fault also the audio cam which you can hear me telling officer I was feeling suicidal."  (*Id.*)  Petitioner raised this claim in his state habeas application.  (*See* doc. 29-25 at 23.)  The trial court noted that his complaints about an altered video were not clear, but that he appeared to be challenging recordings from an officer's in-car camera and a bystander's cell phone.  (*See* doc. 29-26 at 29.)  It stated that Petitioner confessed to the offense of conviction and

entered a guilty plea, and, therefore, "his guilt was not contested." (*Id.*)  It found that Petitioner "failed to state how he was harmed by counsel's alleged failure to object to the videos." (*Id.* at 29-30.)  The Texas Court of Criminal Appeals denied the claim when it denied the state habeas application. (*See* doc. 29-24); *Ex parte Dunn*, WR-89,507-01 (Tex. Crim. App. Feb. 20, 2019).

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  The record shows that Petitioner entered an open plea of guilty and a judicial confession admitting that he committed the offense. (*See* doc. 29-25 at 5-11.)  He has not asserted any valid legal basis on which counsel could have objected to the video evidence, and his conclusory claim does not entitle him to relief.  *See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").  He has not shown that the state court's rejection of this claim was unreasonable, and his claim should be denied.

## D.     Failure to Request Competency Hearing

In his fourth ground, Petitioner contends that counsel was ineffective for failing to "request a competency hearing to explore to depression and suicidal tendency." (doc. 10 at 7.)  He also claims that counsel "failed to have released personal medical records to be used in my defense." (*Id.*)  Petitioner raised these claims in his state habeas application. (*See* doc. 29-25 at 25.)  The trial court found that Petitioner:

> [f]ailed to allege that he was incompetent to enter his guilty plea.  The mere fact that he suffered from depression is not sufficient, alone, to mean he is incompetent.

> [Petitioner] fails to allege that he was not able to consult with counsel or that he did
> not understand the plea proceedings.

(doc. 29-26 at 30.)  It concluded that Petitioner "has not shown that counsel was ineffective for

failing to request a competency hearing."  (*Id.*)  The trial court found that Petitioner "failed to state

how the medical records could have been used in his defense.  Nor does [he] state what the medical

records would have shown."  (*Id.*)   He therefore did not show that counsel was ineffective.  (*See*

*id.*)  The claim was denied when the Texas Court of Criminal Appeals denied the state habeas

application.  (*See* doc. 29-24); *Ex parte Dunn*, WR-89,507-01 (Tex. Crim. App. Feb. 20, 2019).

Due process requires that a criminal defendant be competent to stand trial before he is

prosecuted.  *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996).  "[T]he Constitution does not permit

trial of an individual who lacks 'mental competency.'" *Indiana v. Edwards*, 554 U.S. 164, 170

(2008). A person lacks mental competency if "he lacks the capacity to understand the nature and

object of the proceedings against him, to consult with counsel, and to assist in preparing his

defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

Here, Petitioner has not shown or alleged that he was incompetent, or show there was a

basis for counsel to doubt his competency and move for a competency hearing.  His conclusory

allegations are insufficient to show ineffective assistance of counsel, and he has not shown that the

state court's rejection of this claim was unreasonable.  *See Miller*, 200 F.3d at 282; *Green*, 160

F.3d at 1042.  His claim on this ground should be denied.

E.     **Promise of Probation**

In his reply, Petitioner appears to assert a new claim that counsel "told me that he 'did not

know how to approach my case in a Jury Trial, and I would be given "Probation" if I do a <u>Trial by

Judge</u>'—I was open to that option."  (doc. 30 at 4.)  To the extent Petitioner's allegations can be

liberally construed to claim that counsel was ineffective for promising him a sentence of probation,

this claim is unexhausted and fails on the merits.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b).  To exhaust under § 2254, he must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or a state application for a writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  A petitioner must also present his claims in a procedurally correct manner.  *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition to be procedurally barred).

Here, Petitioner did not raise a claim that counsel told him he would receive a sentence of probation in his PDR or state habeas application, so the claim is unexhausted.  He would be barred from raising the claim in a successive state habeas application, so his claim is also procedurally barred from federal habeas review.  *See Nobles*, 127 F.3d at 423.  Nevertheless, the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing

11

a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A 'substantial' claim is one that has 'some merit.'" *Ibarra v. Davis*, 738 F. App'x 814, 817 (5th Cir. 2018) (citation omitted). "An insubstantial claim is one which 'does not have any merit' or is 'wholly without factual support.'" *Id.* A determination of the merits of Petitioner's unexhausted claim is therefore required.

Assuming for purposes of this motion only that counsel rendered deficient performance as alleged, Petitioner has not shown that he was prejudiced by counsel's performance. The record shows that during his open plea hearing, Petitioner was advised by the trial court that the "possible punishment range for this case is anywhere from five years all the way up to 99 years or life confinement in the Texas Department of Criminal Justice[.]" (doc. 29-6 at 4.) He affirmed that he understood the punishment range and that the trial court could sentence him "anywhere from deferred probation potentially all the way up to life prison or anywhere in between." (*Id.* at 5.) With this knowledge and understanding, Petitioner went forward with his open plea of guilty.[4] (*See id.* at 4-5, 7.) Regardless of what counsel told him about the sentence he would receive, Petitioner cannot show prejudice under *Strickland* because his responses to the trial court's questioning at his open plea hearing show that he was clearly informed about and understood his sentencing exposure when he entered his open plea of guilty. The unexhausted claim of ineffective assistance of counsel is without merit, and it is not a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817. His claim should be denied.[5]

---

[4] Petitioner does not appear to challenge the voluntariness of his plea in the second amended § 2254 petition or reply brief.

[5] In his reply, Petitioner also states, "Also if you would look my [sic] Indic[t]ment and plea agree [sic] offense dates are different. The court said this crime was committed 6/9/14 but my Indic[t]ment says 7/9/14." (doc. 30 at 5.) Aside from mentioning different offense dates between his indictment and plea documents, Petitioner does not address or develop this statement. To the extent it can be liberally construed to raise an unexhausted claim challenging the

## IV.   RECOMMENDATION

The second *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*,

received on June 25, 2019 (doc. 10), should be **DENIED** with prejudice.

**SIGNED this 26th day of October, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

indictment, a defendant's guilty plea waives nonjurisdictional defects. *See Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982). Accordingly, any claim challenging his indictment was waived by his guilty plea and is without merit. He is not entitled to § 2254 relief on this claim, and it should be denied.

14